IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | 3:CR-00-059 |
| | : | 3:CV-05-2051 |
| DOUGLAS JOHNSON | : | (CHIEF JUDGE VANASKIE) |
| | : | |

ORDER

November 29, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 26, 2002, Defendant Douglas Johnson was sentenced to 100 months of imprisonment and 3 years of supervised release in accordance with his plea agreement. (Dkt. Entry 82.) The United States Court of Appeals for the Third Circuit affirmed the judgment on July 29, 2003. The 90-day period to seek certiorari review by the Supreme Court of the United States expired on October 27, 2003, without any action being taken by Defendant. More than two (2) years later, on October 7, 2005, Defendant filed a motion challenging his conviction pursuant to 28 U.S.C. § 2255, arguing that the Court failed to explain the implications of supervised release. (Dkt. Entry 95.)[1]

It is patent that the 2255 motion was filed beyond the applicable one-year limitations

---

[1] The motion was signed by Defendant on September 30, 2005.

period. Defendant concedes that his challenge was not filed within one year of the date his judgment of conviction became final as required by § 2255.[2] Defendant, however, argues that the running of the limitations period should be equitably tolled because he was placed in a segregated housing unit from April 11, 2004 until late October 2004 and again from May 7, 2005 until August 2005.[3]

"Equitable tolling applies only in the 'rare and exceptional circumstances' beyond a prisoner's control that make it impossible to file a petition on time." Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 343 (S.D.N.Y. 2000), aff'd, 255 F.3d 65 (2d Cir. 2001), cert. denied, 536 U.S. 925 (2002). Generally, equitable tolling is not appropriate while a prisoner is

---

[2] A District Court may raise the limitations question *sua sponte*. See Knecht v. Shannon, 132 Fed. Appx. 407, 408 (3d Cir. 2005); United States v. Bendolph, 409 F3d 155, 165 n.15 (3d Cir. 2005) (*en banc*). Ordinarily, the prisoner must be notified of the issue and given an opportunity to argue why the collateral attack on the conviction is not time-barred. The purpose of giving notice of the apparent untimeliness of the motion is to afford the petitioner "an opportunity to articulate a factual and legal basis, if any, showing that the petition was filed within the limitation period." McMillan v. Jarvis, 332 F3d 244, 250 (4th Cir. 2003). Advance notice, however, is not required where, as here, the defendant is plainly aware of the timeliness issue and has sought to avoid the bar of the statute of limitations on the basis of equitable tolling. See Celikoski v. United States, 21 Fed. Appx. 19, 22 (1st Cir. 2001); Smith v. United States, No. Crim. A. 4:02CR24, 2005 WL 2657386, at *4 (E.D. Va. Oct. 18, 2005); Lora v. United States, No. Civ. A. 02-4197, 2003 WL 23508099, at *2 n.9 (D. Md. Jan. 13, 2003). As Johnson has anticipated the limitations issue and the question is already fully addressed in his filings to date, the matter is capable of resolution at the initial screening of his motion required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.")

[3] Defendant does not cite specific release dates from the segregated housing unit.

in disciplinary segregation.  See United States v. Gustafson, 17 Fed. Appx. 602, 603 (9th Cir. 2001); United States v. Brooks, No. 05-C-0469-C, 02-CR-0027-C, 2005 WL 2016819, at *1 (W.D. Wis. Aug. 19, 2005); United States v. Delgado, No. S9 CR. 126(JFK), 00 Civ. 2376(JFK), 00 Civ. 2465(JFK), 2003 WL 21219850, at *2 (S.D.N.Y. May 22, 2003); Hizbullahankhamon, 105 F. Supp. 2d at 344.  Equitable tolling is certainly not appropriate when a defendant fails to act with reasonable diligence.  See Miller v. New Jersey Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998).  Defendant admits he did not diligently pursue his § 2255 claim.  (Def.'s Br. in Supp. of § 2255 Mot., Dkt. Entry 96 at 5 (stating he did not pursue his motion because he was "broken" and had lost "hope").)  Accordingly, the one-year limitations period will not be equitably tolled.

Moreover, even if this Court did equitably toll the one-year limitations period while Defendant was in disciplinary segregation, Defendant still did not file his § 2255 motion until approximately 390 days after his conviction became final. well outside the one-year filing deadline.[4]  Defendant's § 2255 motion, consequently, is time-barred.

---

[4] Defendant's conviction became final under § 2255 on October 27, 2003.  See Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999)(holding that a conviction becomes final when the time for seeking certiorari review expires).  Between the date his conviction became final and the date he first went into disciplinary segregation, 167 days elapsed   Another 187 days elapsed between his release from disciplinary segregation until his second disciplinary segregation commenced on May 7, 2005 (providing Defendant with the benefit of the doubt that he was released on October 31, 2004 from his first disciplinary segregation).  Finally, 36 days elapsed between Defendant's release from his second disciplinary confinement and the filing of his § 2255 motion (providing Defendant with the benefit of the doubt that he was released on

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion under 28 U.S.C. § 2255 (Dkt. Entry 95) is **DISMISSED.**

2. The Clerk of Court is directed to mark this matter and the related Civil Action (No. 3:05-CV-2051) **CLOSED**.

3. There is no basis for issuance of a certificate of appealability.

**s/ Thomas I. Vanaskie**  
Thomas I. Vanaskie, Chief Judge  
Middle District of Pennsylvania

---

August 31, 2004 from his second disciplinary segregation).  This amounts to a total of at least 390 days.  Even if the date on his motion is regarded as the filing date (September 30, 2005), his motion is untimely by nearly 20 days.